HENRY BURBACH

*v.*

WILLIAM BURBACH *et al.*

*Opinion filed October 24, 1905.*

1. WILLS—*party taking under will takes property in the character impressed upon it by testator.* A devise of land to trustees, to be sold by them and the proceeds divided, creates an equitable conversion and the beneficiaries take as legatees of personal property; and in such case a bill for partition among the beneficiaries will not lie.

2. TRUSTS—*trust is not defeated because trustees act for themselves.* A trust created by will is not necessarily defeated because the trustees are to act as trustees for themselves and other persons.

3. SAME—*when merger of interests does not occur.* A devise to three sons of the testatrix, in trust, to sell the land and divide the proceeds among themselves and other beneficiaries, creates a joint title in the trustees, and there is no merger of their separate interests as beneficiaries with their interests as trustees; nor does the Statute of Uses execute the trust as to the portion devised to the trustees.

4. SAME—*when trust is active.* A devise to the three sons of the testatrix, in trust, to sell the land and divide the proceeds, hold possession, manage, lease the property and pay over the income pending the sale, and after a sale, the time of which, only, is discretionary, to hold the shares of two of the beneficiaries in trust, paying them the income during their lifetime and after their death dividing their shares among their children, creates an active trust.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding.

MERKI & POTTER, (EDWARD P. VAIL, of counsel,) for plaintiff in error.

MICHAEL F. GIRTEN, (EDMUND W. BURKE, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Cook county sustained a demurrer to the bill of plaintiff in error filed in that court for the partition of real estate in said county and dismissed the bill.

The state of facts set forth in the bill is as follows: Adelheid Burbach, at the time of her death, owned cash and personal property to the amount of more than $20,000 and was seized in fee simple of the lots and real estate described in the bill, and there were no debts or claims against her estate. She left three sons, Henry Burbach, the complainant, William Burbach and Werner Burbach; one daughter, Mary Tobin; and two grandchildren, John M. Burbach and Florence M. Burbach, children of her deceased son. She left a last will and testament, by which she devised and bequeathed to her said three sons, William Burbach, Henry Burbach and Werner Burbach, and to the survivor of them and their successor or successors in trust, all her property and estate, both real and personal, in trust for the following uses and purposes: She directed that said trustees should collect all the personal estate and take possession of the real estate, and should, as soon as they deemed it to the interest of the estate, sell and convey all the real estate in fee and execute all necessary deeds and instruments for the conveyance thereof. The will contained particular provisions as to the management of the proceeds or securities taken in

payment for the real estate. Pending the sale of the whole or any part of the real estate, the trustees were directed to care for, manage and superintend the same, to collect the rents and keep the property in good salable order and condition, and to pay the net income in equal shares to William Burbach, Henry Burbach, Werner Burbach, Mary Tobin and Mary C. Burbach, the widow of said deceased son and mother of said grandchildren. Upon a division of the estate the trustees were directed to pay to William Burbach, Henry Burbach and Werner Burbach each one-fifth; to set apart one-fifth for the benefit of Mary C. Burbach during her lifetime or until her re-marriage, and upon her death to divide the same between said grandchildren; and the remaining one-fifth was to be held in trust for the benefit of Mary Tobin during her lifetime, and upon her death to be divided equally between her children.

It is admitted by counsel for complainant that as to the one-fifth which is to be held by the trustees for the benefit of Mary C. Burbach during her lifetime or until her re-marriage and afterward to be divided between her children, and the one-fifth to be held in trust for Mary Tobin during her lifetime and upon her death to be divided between her children, there are active trusts which are not executed by the Statute of Uses, but it is contended that as to three-fifths of the estate of which the trustees are also beneficiaries the trusts are executed by the statute, for the reason that they cannot be trustees for themselves. It is also contended that the legal and equitable title to said three-fifths being vested in the same persons the two estates have been merged, and that, the legal and equitable title being united in the same persons, no necessity exists for the power of sale, and hence there is no such power and the lesser equitable estates have been extinguished.

A good reason for sustaining the demurrer and dismissing the bill is, that the beneficiaries under the will take the property, not as real estate, but as personal property.

Whoever takes property under a will takes it in the character impressed upon it by the testator, and where a testator devises land to be sold by his executors or trustees and the proceeds are to be divided, there is an equitable conversion and the proceeds are regarded as personal property. (*Rankin* v. *Rankin,* 36 Ill. 293; *In re Corrington's Estate,* 124 id. 363; *Crerar* v. *Williams,* 145 id. 625; *Robison* v. *Botkin,* 181 id. 182.) In this case it was the intention of the testatrix that there should be a sale of the real estate. It was not left to the trustees to sell or not, as they might deem best, and the only discretion given to them was as to the time when the sale should be made. They were to divide the proceeds, which would be personal property and not a proper subject for a bill for partition.

The provisions of the will are not void on the ground that the three trustees are also beneficiaries. Whatever may be said as to the fitness of trustees to take property in trust for themselves, they are not necessarily and in all cases incapable of doing so, (Perry on Trusts, sec. 59,) and where one is a trustee for himself and others that fact does not defeat the trust. (*Summers* v. *Higley,* 191 Ill. 193.) The title held by the trustees is joint, and there is no merger of separate interests in the different trustees arising out of the fact that they are also beneficiaries. The trust is an active one, in which the trustees hold possession, manage and lease the property, and pay over the income, after deducting all expenses, to the beneficiaries. As soon as it appears to be for the best interest of the estate they are to sell the real estate and divide the proceeds.

The decree is affirmed.

*Decree affirmed.*