ALFRED COWLES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6001. Promulgated January 9, 1946.

*William N. Haddad, Esq.*, for the petitioner.
*Harold H. Hart, Esq.*, for the respondent.

16

**18**

OPINION.

BLACK, *Judge*: The sole issue in this proceeding is whether petitioner is taxable on that portion, $3,229.20, of the income of the Alfred Cowles III trust, of which petitioner was the life beneficiary, that was used by the trustees to pay the first premium on a life insurance policy taken out by the trustees on petitioner's life. During the taxable year 1941 the trust had a net income, before applying section 162 (b) of the Internal Revenue Code, of $30,939.21. The trustees used $3,229.20 of this income to pay the above mentioned premium and distributed the balance of $27,710.01 to petitioner. Petitioner admits that he is taxable on the amount actually distributed to him, but contends that the trust, as a separate entity, is taxable on the balance of $3,229.20. The respondent contends that petitioner is taxable on the full $30,939.21.

Section 161 of the Internal Revenue Code provides in part that "The taxes imposed by this chapter upon individuals shall apply to the income of estates or of any kind of property held in trust" and that "The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary," with certain exceptions not material here. Section 162 provides in part that:

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

•     •     •     •     •     •     •

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for

Its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. * * *

Petitioner contends that the $3,229.20 used by the trustees to pay the premium in question is *not* "to be distributed currently by the fiduciary to the beneficiaries," as that phrase is used in section 162 (b); that, therefore, under section 162 (b), the amount so used is not allowable as an additional deduction in computing the net income of the trust and is not includible in computing the net income of the beneficiary; and that in any event there is no reason here for applying section 22 (a) of the Internal Revenue Code. The material provisions of the latter section are set forth in the margin.[1]

The respondent's position as stated in his brief "is that the petitioner is taxable on all the trust income for the year 1941 under Section 162 (b) of the Internal Revenue Code and/or under Section 22 (a) of the Internal Revenue Code."

We shall consider first whether petitioner is taxable on all the trust income for the year 1941 under section 22 (a). If we conclude that petitioner is so taxable, it will not be necessary to consider section 162 (b).

The respondent, in contending that petitioner is taxable on all the trust income under section 22 (a), cites *Mallinckrodt* v. *Nunan*, 146 Fed. (2d) 1; certiorari denied, 324 U. S. 871; rehearing denied Apr. 30, 1945, and *Edgar R. Stix*, 4 T. C. 1140. The respondent in this respect states his contention thus:

During the year 1941 petitioner, because of his control over the corpus and income of the trust, was in substance the owner thereof, and he is taxable upon the entire trust net income for the taxable year under Section 22 (a) of the Internal Revenue Code.

Respondent, in contending that petitioner is taxable under section 22 (a), relies upon the following: (1) The fact that petitioner was named by the grantor as one of the cotrustees of the trust; (2) the power of appointment given petitioner under article I, section 2, of the trust indenture; and (3) during the petitioner's lifetime he was given dominion and control over the trust income. Under (1) the respondent argues that petitioner as one of the two trustees could

---

[1] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits, and income derived from salaries, wages, or compensation for personal services (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

have blocked the purchase of the policy and thus left his right to demand all the trust income unimpaired. Under (2) the respondent argues that it was merely a matter of form whether petitioner received the entire trust income and individually entered into an insurance contract to protect his dependents, or, as one of the cotrustees, acted to take out a policy on his life payable to the trust, the corpus of which he could by his last will and testament limit, direct, and appoint. Under (3) the respondent calls our attention principally to section 1 of article I, the provisions of which we have set out in our findings and under which petitioner was given the right to demand the entire net income of the trust in "convenient installments."

We think our holding here must be for the respondent upon the authority of *Edgar R. Stix, supra,* and the cases there cited. The petitioners' mother in that case created two trusts having identical terms except for beneficiaries. The trustees under the two trusts were the same, namely, the two petitioners Edgar R. and Lawrence C. Stix. One trust was for the benefit of Edgar and his sons and the other for the benefit of Lawrence and his sons. In one case Edgar was named "primary beneficiary" and in the other Lawrence was so named. Each trust was to endure for the life of the primary beneficiary, and upon his death the corpus was distributable to the respective sons unless the primary beneficiary designated by will that the corpus was otherwise distributable. The income of each trust was payable to the primary beneficiary, except that the trustees could in their sole discretion, at any time or from time to time, pay all or any of the income to the sons of the primary beneficiary. During the taxable years there in question the trustees exercised their discretion and paid all of the income of the trusts to the sons of the petitioners. Notwithstanding the last mentioned fact, we held that the entire income of those trusts was taxable to the petitioners, namely, the primary beneficiaries. In so holding we said in part:

\* \* \* Here, as we read the trust instrument, it was unnecessary for either petitioner to make a request in order for the income from his trust to be paid to him. Only by the affirmative action of the petitioners as cotrustees in exercising their discretion to pay the income to their children would there be the necessary conduct resulting in a failure on the part of the respective petitioners to receive the entire trust income. \* \* \*

\* \* \* The failure of either to concur was all that was necessary for him to obtain the income from his own trust. We need not, accordingly, resort to the reciprocal trust theory presented by the *Lehman* case, for the conclusion that it was within the unhampered power of each petitioner to obtain the current income of the trust if that suited his purpose. See also *Edward E. Bishop,* 4 T. C. 862.

Our decision in the *Stix* case was affirmed by the United States Circuit Court of Appeals for the Second Circuit on December 21, 1945, 152 Fed. (2d) 562.

In the instant case if article I, section 1, were the only provision of the trust instrument dealing with the disposition of trust income, we think it is clear that the entire trust income would be taxable to petitioner under section 22 (a) as applied in *Mallinckrodt* v. *Nunan, supra*, and *Blanche N. Hallowell*, 5 T. C. 1239. We can see no difference in principle between the discretion exercised by the trustees in the *Stix* case in paying the income of the trust to the sons of the primary beneficiaries and the discretion exercised by the trustees in the instant case in using a part of the income to take out the insurance policy here in question. It is true, as petitioner contends, that section 4 of article II of the trust indenture authorized the trustees within their discretion to take out a policy of insurance on the life of Alfred Cowles III and pay the premiums on the policy out of trust income. It is also true that such a policy of insurance was taken out and was made payable to the trust and all elements of ownership were vested in the trust. However, it was within the power of petitioner as one of the two trustees to have blocked the taking out of such a policy and to have taken all of the net income of the trust for himself. The situation in this respect we do not think is distinguishable, in substance, from the discretion which existed in the *Stix* case.

We, therefore, think that petitioner did not err when he reported the entire net income of the trust in his original income tax return and we sustain the Commissioner in refusing to exclude from petitioner's net income the $3,229.20 insurance premium in his determination of the deficiency.

It thus becomes unnecessary to determine whether petitioner is taxable on the trust income in question under section 162 (b).

*Decision will be entered for the respondent.*