ELEANOR M. FUNK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5243, 5244.   Promulgated September 27, 1946.

*J. E. Marshall, Esq., J. S. Y. Ivins, Esq.*, and *George A. Donohoe, Esq.*, for the petitioner.

*Jonas M. Smith, Esq.*, for the respondent.

OPINION.

HARRON, *Judge*: The issue in this case is whether petitioner is taxable under section 22 (a) of the Revenue Act of 1938 and the Internal Revenue Code on the income of trusts A, B, C, and D. Petitioner was not the grantor of the trusts. Her husband was. Moreover, he retained the power to dispose of the corpus by will when the trusts terminated upon his death. But during the life of the trusts petitioner was the sole trustee, with the power to pay the income to herself or her husband, or to divide it between them, or to accumulate and add it to principal. This power of distribution or apportionment was to be exercised in accordance with petitioner's own and her husband's respective needs, of which, however, she was the sole judge, not subject to the control of her husband or any other person. During the taxable years she distributed some of the income to herself and some to her husband. The rest she accumulated.

Under the revenue acts the touchstone of taxability of trust income is, for the most part, quite different for the grantor than for the trustee or beneficiary of a trust. Before the creation of a trust the grantor is the owner of the property and as the owner has to pay the tax, under section 22 (a), on the income derived therefrom. If he gives away only the income he still has to pay the tax. *Helvering* v. *Horst*, 311 U. S. 112. Hence, when a grantor sets up a trust he must divorce himself from the economic ownership of the corpus in order to avoid being

taxable on the income. *Helvering* v. *Clifford*, 309 U. S. 331. The retained attributes of ownership which will make the grantor taxable may, on the one hand, relate to control over the use, administration, and management of the trust corpus. For, even if he has made a definite disposition of the income for the period of the trust, his complete control over the trust corpus earning the income can justify the tax. *Helvering* v. *Clifford*, *supra; Commissioner* v. *Woolley*, 122 Fed. (2d) 167. In many instances, on the other hand, the essential ingredient of ownership retained by the grantor lies in his power to dispose of the income whensoever and to whomsoever he wishes. Although he can not personally receive the income, a grantor who owns property from which income is derived can not escape the tax by giving the property away in trust, retaining, nevertheless, the absolute power to distribute the income among various beneficiaries. *Commissioner* v. *Buck*, 120 Fed. (2d) 775, and *Stockstrom* v. *Commissioner*, 148 Fed. (2d) 491.

Moreover, even though a grantor does not retain such control over the administration and management of the trust corpus and disposition of the trust income as to justify taxing him on the trust income under section 22 (a), he still may have to bear the tax under the provisions of sections 166 or 167. For if a grantor transfers property in trust and gives the trustee discretion to pay the income or corpus back to him, the trustee *qua* trustee is considered amenable to the wishes of the grantor, without an adverse interest in the disposition of either the corpus or the income, and the income remains taxable to the grantor. *Reinecke* v. *Smith*, 289 U. S. 172; *Commissioner* v. *Caspersen*, 119 Fed. (2d) 94.

However, taxation of the trustee and beneficiary presents a different problem. Neither the trustee nor the beneficiary had any relation to the property forming the corpus of the trust before the trust was set up. They were not taxable on the income of the property before the trust was created. Hence, if a trustee, other than a grantor, is given powers over trust property which, if held by a grantor, would make the grantor taxable, the trustee does not necessarily come within the purview of section 22 (a) and become liable for tax. A trustee who is not the grantor may have broad powers of control over the management and administration of the trust corpus and may have discretion to dispose of the income among a wide class of beneficiaries, but in the absence of his being able to receive any of the income or corpus personally or in discharge of his obligations, it would be difficult to assert that he is taxable under section 22 (a). See *Sydney R. Newman*, 5 T. C. 603. In fact, even if he has the power to accumulate or distribute income, which is really the power to give income to himself *qua* trustee, section 161 (a) (4) and section 162 (c) recognize that he is taxable as trustee only on the amount of income he actually accumu-

lates, and that he can take a deduction for the amount distributed, which is then taxed to the recipient beneficiary. Moreover, the revenue acts recognize that the trustee in fact is more amenable to the wishes of the grantor than to the beneficiary and that, although the trustee *qua* trustee has no adverse interest in the disposition of the income, if he has the discretion to accumulate or distribute it, the beneficiary is taxed only on the amount actually distributed. *Plimpton* v. *Commissioner*, 135 Fed. (2d) 482. The test then for the taxation of the beneficiary under section 162 is not the practical control which he may have over the trustee, but whether by the terms of the trust instrument the income is to be distributed currently, or is actually distributed if the trustee has the discretion to distribute or accumulate it.

However, although sections 161 and 162 set up a scheme for taxing trust income to the trustee or beneficiary, a beneficiary may, nevertheless, have such unfettered command over the income or corpus of a trust that taxing the income to him as his own under section 22 (a) is justified. It may be true that the amount of command over the income in order to warrant the imposition of the tax is different for a beneficiary than for a grantor. But as this Court pointed out in *Elsie C. Emery*, 5 T. C. 1006; affd., 156 Fed. (2d) 728, speaking through Judge Black, the appellate courts are agreed that, where "the taxpayer beneficiary, acting alone, and without the concurrence of anyone else, had the right to acquire either the corpus or income of the trust at any time," he was rightfully taxable as the owner of the income under section 22 (a). *Mallinckrodt* v. *Nunan*, 146 Fed. (2d) 1; *Richardson* v. *Commissioner*, 121 Fed. (2d) 1; *Jergens* v. *Commissioner*, 136 Fed. (2d) 497. Hence, the right to require *either* the income *or* corpus to be paid to himself has been held to be sufficient for the taxation of the beneficiary of a trust under section 22 (a). Whether the beneficiary exercises this right is, of course, not important. *Corliss* v. *Bowers*, 281 U. S. 376; *Alfred Cowles*, 6 T. C. 14.

Applying these principles to the facts of the instant case, we see that respondent has rightfully assessed the income of the four trusts against petitioner. Petitioner was the sole trustee, with the unrestricted power during the taxable years, as we shall presently demonstrate, to distribute the income to herself personally. It should be noted that the question of whether a beneficiary is taxable on trust income under section 162 (b) [1] when the discretion to distribute the income lies in himself as the sole trustee was expressly left open in

---

[1] Section 162 (b) of the Internal Revenue Code provides: "There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributable currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not."

*Plimpton* v. *Commissioner, supra,* and is not foreclosed by *Mallinckrodt* v. *Nunan, supra,* in both of which cases the beneficiary was but one of two cotrustees. However, respondent has not sought to tax petitioner under section 162 (b). Neither has petitioner nor respondent raised the question of the application of this section on brief. Since we think that under section 22 (a), petitioner is clearly taxable under the decisions of this and the Circuit Courts, we also pass the question of the applicability of section 162 (b) and address ourselves only to section 22 (a). As sole trustee, petitioner had complete control over the management and administration of the trust property. She could change the investments, and could register the securities in her own name individually and thus give the appearance to the outside world that she was the complete owner. See *Stockstrom* v. *Commissioner, supra.* It is true that the corpus of the trust would go to the appointees of her husband on his death. But the power to dispose of trust property by will is not necessarily a material ingredient to taxability. *Commissioner* v. *Buck, supra; Foederer* v. *Commissioner,* 141 Fed. (2d) 53. Here the trust was irrevocable and long term, existing throughout the lifetime of petitioner's husband. This long term feature of the trust is an element which adds weight to the view that the income is taxable to petitioner, since it gives her command over the income for a long period of time, namely, during the life of her husband. It is really the converse of the typical *Clifford* situation, where the shortness of the term is an attribute of ownership by the grantor, since by the creation of a short term trust the grantor has put the income out of his command for only a short period of time. Although the power of a trustee to decide which of many beneficiaries other than himself should receive trust income might not make him taxable on the income (*Sydney R. Newman, supra*), here petitioner had, in addition to the power of being able to acquire the income at will during the taxable years, the power to designate a successor trustee upon her death or resignation who would then have the same powers as she herself had been given. There was no restriction on the identity of the successor trustee. Hence, the only attribute of ownership of the income which petitioner lacked was the power to dispose of the income, not at her death, but at her husband's death. During his lifetime she could receive the income and use it for herself or make gifts of such income.

As the Circuit Court of Appeals for the Third Circuit said in *Frank* v. *Commissioner,* 145 Fed. (2d) 413, a case in which the beneficiary, entitled to receive 50 per cent of the trust income, was one of two trustees, with the power to choose a charitable corporation to share in the income, and did so in the taxable year, "where one disposes of something which he has legally coming to him by giving

it away ahead of its receipt he is, nevertheless, subject to income taxation thereon as though he had actually taken it in hand." The beneficiary in the *Frank* case was, therefore, held taxable on 50 per cent of the income.

In *Blanche N. Hallowell*, 5 T. C. 1239, a husband set up a trust for his wife in which the income was to be accumulated by the trustee and was payable 30 days after the end of the fiscal year of the trust to the wife-beneficiary on her request, with the corpus eventually to go to the grandchildren of the settlor. We held the wife taxable on the income under section 22 (a) and observed that the holding in the *Mallinckrodt* case had been made by the Circuit Court of Appeals for the Eighth Circuit primarily because of the control of the beneficiary over the income and not because of his command over the corpus.

The Circuit Court of Appeals for the Eighth Circuit made this same observation itself in *Busch* v. *Commissioner*, 148 Fed. (2d) 798, when it commented that it had held in the *Mallinckrodt* case "that a trust beneficiary who has the unqualified and unrelinquished power to command the payment to himself of the annual income of the trust may be taxable upon such income whether in a particular year he chooses to exercise the power or not."

And in *Alfred Cowles, supra,* which, following *Stix* v. *Commissioner*, 152 Fed. (2d) 562, was a case in which the taxpayer was a cotrustee of a trust created by his father, with the power to receive all the income if he demanded it and to appoint the principal at his death, we held that the taxpayer was taxable on the income under section 22 (a), saying that if the power to demand the entire net income "were the only provision of the trust instrument dealing with the disposition of the trust income, we think it is clear that the entire trust income would be taxable to petitioner under section 22 (a) as applied in *Mallinckrodt* v. *Nunan, supra,* and *Blanche N. Hallowell*, 5 T. C. 1239." For, as we observed previously, the power of appointment by will over the trust corpus is not necessarily a material factor for taxability. *Foederer* v. *Commissioner, supra; Mary W. Pingree,* 45 B. T. A. 32.

It is claimed, however, that, whatever rights petitioner had, she had those rights as trustee, subject to the control of a court of equity. Also, that she did not have the unrestricted power to take all of the income, since it was to be either distributed in accordance with the respective needs of petitioner and her husband, or accumulated, which, when once done, removed the income from her control. We do not believe, however, that these contentions can remove the instant case from the authority of the *Mallinckrodt, Stix,* and kindred cases. It is true that petitioner was a trustee, and we may assume for purposes of argument that, although the trust instruments and subsequent correspondence between her and her husband attempted to leave un-

checked her powers as far as the law would permit, her discretion as trustee was not entirely removed from the reach of a court of equity. But, as we had occasion to point out in *Wilfred J. Funk* (memorandum opinion, Feb. 7, 1944), where respondent was unsuccessful in seeking to tax to petitioner's husband the income of the trusts here involved for several of the tax years here involved, the New Jersey courts, which would govern the administration of this trust, will not substitute their judgment for that of the trustee where discretion is given to the trustee, except upon proof that the exercise of the discretion has been in bad faith. *Reed* v. *Patterson*, 14 Atl. 490 (Ct. Error and App. N. J.); *Tansey* v. *New Brunswick Trust Co.*, 3 Atl. (2d) 575 (Ct. Ch. N. J.); *McFerran* v. *Patterson National Bank*, 6 Atl. (2d) 403 (Ct. Ch. N. J.).

Petitioner's husband was a man of great wealth. It is inconceivable that the husband, having voluntarily placed such broad discretionary powers in his wife, and having no need for the trust income during the taxable years, could successfully have complained in a court of equity in New Jersey that the trustee elected to pay all of the income to herself. In any event, as the court in *Stix* v. *Commissioner, supra*, pointed out, in order for a limitation of this kind to restrict the absolute command that petitioner had over the income, it was incumbent on her to show what part of the income she could have been compelled to pay to her husband or to accumulate.

There is no suggestion in the record in this case that conditions existed during the taxable years relative to the respective needs of petitioner and her husband which, had petitioner taken all of the income, would have made her guilty of such gross and callous disregard of her husband's needs, as compared to her own, that a court could be summoned to compel her to give her husband some measure of relief. That the husband did receive some of the trust income is unimportant. On the record, this distribution to him was a matter of petitioner's grace and beyond his control. Petitioner has not shown the minimum which a court would have compelled her to give away or accumulate. Everything above such amount petitioner could have kept as her own by reason of the absolute discretionary power conferred upon her in the trust instrument. The intent of the grantor of the trusts is demonstrated also in the subsequent letters between the parties, set forth in the findings of fact. Without a showing of a minimum amount distributable to her husband, petitioner must be considered as having had absolute command over all of the income.

During the taxable years here in question, therefore, we hold that petitioner has failed to demonstrate that her power and command over the income was sufficiently hedged in by the language of the trust instruments so as to relieve her from tax on all of the income

under section 22 (a). We take the view that she was the owner of all of the income of the trusts, and that the income which she paid to her husband and income accumulated were gifts to him.

It is true that under the trust instruments stock dividends were beyond the control of petitioner, since they could not be distributed but had to be added to principal. But there is no suggestion that any of the income which respondent seeks to tax to petitioner consisted of stock dividends. To the extent that stock dividend income would not be subject to petitioner's control because it had to be added to principal, she could not be taxed on it. But this does not relieve her from liability for tax on income which she could have distributed to herself during the taxable years in question.

This likewise disposes of the contention that, since petitioner's powers were given to her *qua* trustee and not *qua* beneficiary, she can not be taxed on the trust income under section 22 (a). It should be noted that it is difficult to state categorically that she held the powers as trustee or as beneficiary. But in any event, the argument that powers retained as a trustee may not constitute substantial attributes of ownership for purposes of taxability under section 22 (a) has been effectively disposed of in the *Clifford* case itself, where the grantor was the trustee of the trust he created. As was said in *Stockstrom* v. *Commissioner, supra*, there is no rule, except as a limitation may be imposed by statute,[2] that prevents consideration under section 22 (a) of any element of control, whether exercisable as an individual, directly, or as trustee, in appraising *his benefits and satisfactions from the trust property or trust income*. In essence, the fact that the petitioner may have had to act as trustee did not, under the circumstances disclosed here, mean that she did not have sole and unrestricted power to receive all of the trust income, nor does such fact relieve petitioner from imposition of the tax because she did not choose during the taxable years to exercise the power fully in her own favor by taking all of the income. *Mallinckrodt* v. *Nunan, supra*.

Finally, it is asserted that the instant case comes within the text of section 161 (a) (4),[3] since petitioner could have either distributed the income to herself or to her husband, as beneficiaries, or accumulated

---

[2] For example, section 167 (c) of the Internal Revenue Code provides that income of a trust shall not be considered taxable to the grantor merely because in the discretion of the grantor acting as trustee it may be applied or distributed for the support or maintenance of a beneficiary whom the grantor is legally obligated to support or maintain, except to the extent that such income is so applied or distributed. However, if the grantor retains the discretion as grantor and not as trustee, it is taxable to him, whether or not so applied or distributed. *Hopkins* v. *Commissioner*, 144 Fed. (2d) 683.

[3] SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this chapter upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

   *        *        *        *        *        *        *

(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

   *        *        *        *        *        *        *

it. Section 161 (a) (4) does not mean that the trustee must always pay the tax where he has discretion to distribute or accumulate the income. If the trustee distributes the income to the beneficiary instead of accumulating it, the beneficiary, and not the trustee, has to pay the tax under section 162 (c), which allows the fiduciary to deduct the income actually distributed and requires the beneficiary recipient to pay the tax thereon. But the contention that section 161 (a) (4) can apply here overlooks the principle that when the income of a trust must be regarded as that of the beneficiary under section 22 (a), no subsection of 161 (a) can have any applicability. *Stix* v. *Commissioner, supra; Mallinckrodt* v. *Commissioner, supra.* See also *Helvering* v. *Clifford, supra, and Douglas* v. *Willcuts*, 296 U. S. 1. Thus, in *Alfred Cowles, supra*, where the income was to be accumulated if the beneficiary did not demand it, we nevertheless held that the beneficiary was still taxable on the income under section 22 (a). See also *Blanche N. Hallowell, supra.*

We hold that petitioner is taxable under section 22 (a) on the income of trusts A, B, C, and D for the taxable years here in question. The assessment of the deficiencies for the years 1938 and 1939 as determined by respondent is not barred by the statute of limitations, for the reason that petitioner's returns for those years understated her proper gross income by more than 25 per cent and the notice of deficiencies was mailed to petitioner within five years after her returns for those years were filed. Sec. 275 (c), I. R. C.; *O'Bryan* v. *Commissioner*, 148 Fed. (2d) 456.

Reviewed by the Court.

*Decision will be entered for the respondent.*

---

DISNEY, *J.*, dissenting: In this case the facts fall squarely within the text of section 161 (a) (4) and (b) of the Internal Revenue Code,[1] providing taxability to fiduciary of trust income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated, for the trust here involved provides that the trustee may, in her discretion, either pay out all or a part of the income or accumulate it. The exact language of the instrument is: "In her discretion to pay all or a part of the net income annually to me, or to herself, * * * and to accumulate and add to principal the bal-

---

[1] SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

* * * * * *

(4) Income which, in the discretion of the fiduciary, may be either distributed to the beneficiaries or accumulated.

(b) COMPUTATION AND PAYMENT.—The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary, except as provided in section 166 (relating to revocable trusts) and section 167 (relating to income for benefit of the grantor).

ance of such income, if any." That such language is within the express terms of section 161 (a) (4) can not be denied, and is not controverted either by the respondent or in the majority opinion.

Regulations 103, section 19.162–1, applicable to the taxable years here in question, provides:

There is taxable to the estate or to the trust, unless it be taxable to the *grantor* of the trust (see sections 19.166–1 and 19.167–1), * * * all income either of the estate or of the trust for its taxable year which is not similarly paid or credited during that year to a legatee, heir, or beneficiary in case there was vested in the fiduciary a discretion either to distribute or to accumulate such income (see paragraph (3) of this section). *In all such cases* the tax is payable by the fiduciary, except the tax upon the income which is taxable to the *grantor* of the trust. [Italics supplied.]

The regulation, of course, merely follows the above statute, since it provides for payment of the tax by the fiduciary *except* in case of revocable trusts (section 166) and as to income for benefit of grantor (section 167). Here we have neither exception.

The income here involved was returned as such and income tax paid thereon by the petitioner as fiduciary, in accordance with section 161 (a) (4). The income was not paid or credited to petitioner or any other beneficiary in the taxable year when earned and received by the trust, but was accumulated until a later year; yet, the majority opinion taxes it to the petitioner in the taxable year when earned and received.

That the above regulation should be given weight is indicated clearly in *Harrison* v. *Schaffner*, 312 U. S. 579, where the Court, discussing the application of section 22 (a), says:

* * * Unless in the meantime the difficulty be resolved by statute or treasury regulation, we leave it to future judicial decisions to determine precisely where the line shall be drawn between gifts of income-producing property and gifts of income from property of which the donor remains the owner, for all substantial and practical purposes. * * *

*Helvering* v. *Clifford*, 309 U. S. 331, also speaks "In the absence of more precise standards or guides supplied by statute or appropriate regulations." The majority opinion, page 16, expressly recognizes the effect of Treasury regulations on this subject.

Despite the statute, and despite the position taken by the Treasury Department in the regulation above, that tax shall be upon the fiduciary, *"In all such cases * * * except the tax upon the income which is taxable to the grantor"*—provision twice stated—the majority opinion holds that such accumulated income is taxable to one not the grantor of the trust.

Reliance is placed, among other cases less applicable, upon *Corliss* v. *Bowers*, 281 U. S. 376; *Jergens* v. *Commissioner*, 136 Fed. (2d) 497; *Mallinckrodt* v. *Nunan*, 146 Fed. (2d) 1; and *Edgar R. Stix*, 4

T. C. 1140; affd., 152 Fed. (2d) 562. In my opinion, none of the above or others cited justifies the majority for deviation from both statute and regulation. I find it particularly difficult to apply *Corliss* v. *Bowers, supra.* That case has been relied on often, yet the fact remains that it was one coming so squarely within the language of section 219 (h) of the Revenue Act of 1924, providing for taxing trust income to a *grantor* having power to revest in *himself* title to trust corpus, that Mr. Justice Holmes said, "It is not necessary to quote more words"—than those which he quotes from the trust instrument reserving to the *trustor* powers "to modify or alter in any manner, or revoke in whole or in part, this indenture and the trusts then existing, and the estates and interests in property hereby created." Because of a later general expression that income subject to a man's unfettered command may be taxed to him, the case is cited by the majority here to encompass a situation under a statute not existing at the date of that decision, under a trust that is specifically not revocable, either by trustor or the petitioner, and as to a taxpayer not the grantor of the trust, but a trustee who is also one of two named beneficiaries. The petitioner here had no power to alter, amend, terminate, or revoke the trust, no power to receive certain income, such as stock dividends, apparently liquidating dividends, no power to distribute income, except to her husband or herself, and no power ever to receive trust corpus.

Sound application of authority requires closer relation between facts and legal conclusion in the case cited, and much more similarity to the factual and statutory situation involved in the case to which the citation is applied, than exists between *Corliss* v. *Bowers* and the instant case.

*Jergens* v. *Commissioner, supra,* offers, in my opinion, no support in logic for the conclusion of the majority, for therein there was not only no discretion in anyone as between distribution and accumulation of income, within the provision of section 161 (a) (4), here involved, but also the powers of Jergens, the petitioner, were in his individual capacity, and he could in such capacity withdraw and take all trust corpus, could alter, amend, modify, or revoke the trust, all to his own benefit (except as to certain life insurance policies as to which trustor's consent was necessary). Is it not clear that in such a case there was unfettered command over the trust in a manner and degree, and in a capacity, not found in the instant case? The very fact which caused the court to hold the petitioner there liable to tax—his power to take the trust corpus—is altogether missing here. Jergens was not to receive the income of the trust, for the trust agreement made it payable to his wife, the trustor. So it was only because of his power to take the corpus that he was held taxable—and petitioner here has

no such power.   On the contrary, the corpus, and even some kinds of income, stock dividends, and, it appears, liquidating dividends, go to the trustor's estate.   The petitioner here had no right to revoke, terminate, alter, or amend the trust.   Jergens also had the right to vote the stock (the only income-producing property) and to give binding written instruction to the trustees as to all trust property.   In other words, though a bank was a nominal trustee in addition to Jergens, the latter was in full control.   The trustees had "unlimited power to hold, manage and control the trust property."   Yet, the court does not find Jergens taxable because of his position as trustee over income (involved in the instant case), but because of his individual right to take the *property*—a right specifically denied to the petitioner herein. I note the closing language of the court, "the determinative consideration is the existence of actual dominion over the *property* whether it is retained or acquired."   (Italics supplied.)   Petitioner here had no such dominion, only the right, as trustee, to take the income—subject to further considerations discussed below.

The *Mallinckrodt* case is, in my view, also inapplicable to the present situation.   There, the petitioner had testamentary power of appointment over the trust corpus, and the trustees, of whom he was one, upon his written request, could convey or pay trust corpus to him, and they could terminate the trust, whereupon all trust assets would go to him. All these rights were in addition to his right to request and receive all trust income, except $10,000 payable to his wife.   The Circuit Court disagreed with the conclusion of the Tax Court that the income was "to be distributed currently" by the fiduciaries, to the petitioner as beneficiary, under section 162 (b), stating as reason that the trustees could not distribute to petitioner, except upon his request; and decision was put under section 22 (a).   This serves to accentuate the position of Mallinckrodt as an individual beneficiary.   In the instant case the petitioner was given no testamentary or other power of appointment over trust corpus, and no rights whatever as individual or beneficiary, except subject to the discretion of the trustee, between distribution and accumulation, and further discretion as between beneficiaries.   It is clear that the *ratio decidendi* of the *Mallinckrodt* case is based on the fact of the *right* to *receive* the distribution of the trust income (above $10,000) subject to no discretion whatever in any trustee.   He had a right, not as trustee, but as individual, to such income.   Here the petitioner has no right as individual.   She is completely subject to the discretion of a trustee.   That she is also trustee does not make applicable here the logic of the *Mallinckrodt* case, for it is based upon an *absolute right*, a "power" as the court says, in a beneficiary.   Unless petitioner's position as trustee is to be completely disregarded, the cited case does not apply.   In addition, the powers of Mallinckrodt

as to corpus must be considered as given weight. The Tax Court is quoted where it holds that the "rights and powers of the petitioner in and to the trust corpus and the income therefrom," though not including all incidents of ownership, were "benefits held by and belonging to petitioner," such as to require the conclusion that he was owner of the income. All of these elements as to trust corpus, and even as to some income, are absent in this case.

Likewise, reliance is placed on its *Stix* case. But there we see at once the distinction from the instant case, for we found as fact: "There are no provisions for accumulating income and adding it to principal"—so the applicability of section 161 (a) (4) and (b), the gist of this matter, did not, and could not, enter there. In other words, the crucial question here was in that case never considered at all. Again, as in the *Mallinckrodt* case, we find the petitioners there with power over corpus—to receive corpus in the discretion of the trustees and to distribute the trust corpus by will. The trustee here could not invade corpus for her benefit as beneficiary; on the contrary corpus specifically could *not* be distributed. She could never, under any condition, receive or appoint the corpus. Each petitioner there was first, however, "primary beneficiary," specially so designated. The case emphasizes sharply the fact that the petitioners (and not their sons) were the primary beneficiaries. (That the petitioner here was not "primary beneficiary" is indicated by the fact that from the trust income of the taxable years $10,700 was later distributed to her, as against $25,000 to her husband.) The income was to be paid to them, subject to discretion in the trustees to divert it to others, the others, however, to be the petitioner's sons. We pointed out that only by affirmative action of the petitioners as trustees in exercising discretion to pay the income to their children would they fail themselves to receive the income; also, therefore, that in the absence of agreement and concurrent action by the two trustees (of whom each petitioner was one) the discretion could not be exercised and "the trust income would be left to the destination directed by the trust instrument and necessarily find its way to the respective petitioners as primary beneficiary. The failure of either to concur was all that was necessary for him to obtain the income from his own trust"—and we concluded that the income was taxable to the petitioners. Herein, of course, the trust income would not, as a mere matter of course, come to the petitioner. The petitioner here was not the destination directed by the instrument. Here the trust instrument leaves the destination unknown until exercise of discretion by the trustee. The petitioner individually has no "primary" right, or right at all, until that discretion has been exercised. Once more it is seen that, unless we consider as nil the position and duties of the petitioner as trustee, the *Stix* case is logically inapplicable.

The very gist of that case, destination of income in petitioner, unless *otherwise* directed by trustees, is very noticeably lacking here. The words of the Circuit Court therein are sufficient proof: "* * * a 'primary beneficiary' did not have to await the award of the income from the trustees—himself and his brother—he had it absolutely, except as they took steps affirmatively to deprive him of it." In addition, of course, in the *Stix* case the trust was for the life of the petitioner, while here it is for the life of the trustor. Our opinion there lays stress upon the fact that the trust was for the life of the petitioners, as indicative that it was for their benefit—while here it was not for petitioner's life, but for that of her husband. We call attention, also, to the fact that in the *Stix* case the Circuit Court notes that all income was given to a minor son, for whose support his father was liable—though the court says, "We do not limit our ruling to that situation."

That mere power, *as trustee*, over *income*, is not the criterion by which to hold taxable one *not* the grantor is indicated in the recent case of *Elsie C. Emery*, 5 T. C. 1006, where the petitioner, not a trustee, had power, acting alone, "to acquire either the corpus or income of the trust at any time," and was held taxable on trust income; for we pointed out that in *Ella E. Russell*, 45 B. T. A. 397, "it [obviously referring to the determinate element in the trust] was the right to receive 'such part or parts of the whole of the principal * * * as she may, by writing lodged with the Trustees, direct,' " and put our conclusion on the "full power and authority to cancel or revoke," and in such event to receive the principal. In the *Russell* case also, we pointed out that a certain trust provision "can not be construed to subject the petitioner's right to withdraw the principal of the trust to any fiduciary discretion"—thus recognizing distinction between cases of individual rights to corpus and income, and cases such as this, where fiduciary discretion must be first exercised.

Referring now generally to the cases above analyzed, and others cited, it seems to me that the essential idea governing decision in cases applying section 22 (a) to trusts is that of approximation in the tax-payer of an owner's rights and powers,[2] and that the *Mallinckrodt*, *Jergens*, and *Stix* cases clearly fulfill that requirement, for in each the taxpayer was, in effect, placed so nearly in the grantor's shoes, as to both corpus and income, as to justify application of the same principles enunciated in earlier cases as to grantors. For in each

[2] "The evident policy of the Revenue Act is to tax the income to the grantor of a trust when he retains the substantial mastery over the *corpus*." (Italics supplied.)—*Fulham* v. *Commissioner*, 110 Fed. (2d) 916. "In the case of a non-grantor, the tax avoidance feature present in grantor cases is absent. * * * Consequently, the extent of control required in the case of a person other than the grantor would seem to be much broader than in a grantor case. The test being solely the equivalent of ownership, not much less than such all-embracing control would appear to warrant invocation of the *Clifford* doctrine."—Guterman, Tax Law Review, April–May 1946, pp. 402 (403).

the taxpayer, though not grantor, was given in large degree the essential rights of an owner—in addition to other powers above described, to take corpus or dispose of it by will. The petitioner here having merely a right, subject to trustee's discretion, to income (but not all income), and no power ever to receive, or ever to appoint, the corpus, in my opinion the underlying requirement in section 22 (a) cases is markedly absent, the petitioner possesses no right approaching that of ownership, and reason does not appear for extending the cases so far as to cover this one. Though the fact that the petitioner could in any event not receive stock dividends, and apparently liquidating dividends, is not determinative, since none is shown to have arisen in the taxable year, nevertheless the fact is not without significance, for it is obviously contrary to an approximation of economic ownership.

Is the petitioner's status as trustee to be disregarded, because she is sole trustee? Had she been both sole beneficiary and sole trustee as to the same identical interest, the general law of trusts is that the trust would fail by merger. *Young* v. *Mercantile Trust Co.*, 140 Fed. 61; affd., 145 Fed. 39; *Bolles* v. *State Trust Co.*, 27 N. J. Eq. 308. But where she is not sole beneficiary, the trust subsists. *Tillicott* v. *Murphy*, 16 Fed. (2d) 700. The trust may not, therefore, for that reason, be regarded as a nullity, and we face the fact of an actual trust relationship. Not only so, but even though we should view, as the majority opinion does, the expression as to discretion placed in petitioner in the trust instrument and letters—as to which more hereafter—nevertheless the petitioner was subject to the control of a court of equity. *Nelson* v. *Meade*, 149 Atl. 626, 629, holds:

It is no objection to the validity of a trust that the trustee named is one of the beneficiaries, *Burbach* v. *Burbach*, 217 Ill. 547, 75 N. E. 519; *Summers* v. *Higley*, 191 Ill. 193, 60 N. E. 969, but it is inconsistent with and repugnant to the general theory of trusts that the trustee who is also a beneficiary should be given the right to expend the entire trust fund in accordance with her own judgment and discretion, and for her own use and enjoyment.

Though the trust instrument here made petitioner "sole judge" of the "respective needs" according to the circumstances of the two beneficiaries, her husband and herself, the fact remains that there were two beneficiaries, and their respective needs and circumstances were in the mind of the settlor. We have not only distinguished between the capacity of one person as fiduciary and individual, on this question of taxability, *W. C. Cartinhour*, 3 T. C. 482 (489), but we have, in *Estate of Benjamin Lowenstein*, 3 T. C. 1133 (1139), recognized the soundness of the principle that a fiduciary may not, without restraint, use his trust powers as trustee for his individual benefit. We quoted *Carrier* v. *Carrier*, 226 N. Y. 114; 123 N. E. 135, as follows:

* * * It is true that the creator of this trust had reserved to himself the broadest rights of management. His discretion was to be "absolute and uncon-

trolled." That does not mean, however, that it might be recklessly or willfully abused. He had made himself a trustee; and in so doing he had subjected himself to those obligations of fidelity and diligence that attach to the office of trustee. He had power to "invest" the moneys committed to his care. He had no power, under cover of an investment, to loan them to himself. His discretion, however broad, did not relieve him from obedience to the great principles of equity which are the life of every trust. * * *

Thus we approve the holding that even an expression that discretion was to be "absolute and uncontrolled" does not abolish fiduciary duty, and that a court of equity will protect beneficiaries. To the same effect is *Bancroft* v. *Maine Sanitarium Association*, 109 Atl. 585 (589), where the trustee's decision was to be "final and binding."

The majority opinion suggests that under the *Stix* case the petitioner should be required to show what part of the income she could have been compelled to pay to her husband. This is to overlook the fact that there each petitioner was primary beneficiary for life, with absolute command over the income without exercise of discretion by anyone. Logically such a person, to rid himself of taxation, should show a duty on him to invade such income for another; while here the petitioner can receive income only after exercise of fiduciary discretion. Only by disregard of fiduciary status altogether, can the petitioner be classed with the *Stix* brothers. If the petitioner had the power ascribed to her by the majority, there would be no trust at all—yet a very real and definitely limited, trust was actually set up.

The trust instrument involved in this case recites that it is to be governed by, and administered under, the laws of New Jersey, and the returns were filed in New Jersey. In *Sunderland* v. *Commissioner*, 151 Fed. (2d) 675, there was involved a trust set up by petitioner's husband, providing that income should be applied for the use of the petitioner's child, as directed by the petitioner. The petitioner contributed funds to the trust, and the court held that her contributions were governed by its terms, also that "while she was not the named trustee, she necessarily functioned in a fiduciary capacity with respect to the funds and is so accountable." Disagreeing with the contention that there was "no restraint on how Mrs. Sunderland [the petitioner] should either use or permit the accumulation of the income for the children," the court quotes from *Carrier* v. *Carrier*, *supra*, the same language above set forth, and then adds:

New Jersey will not support an unfair use by a fiduciary of discretionary powers. *Hardenburgh* v. *Blair*, 30 N. J. Eq. 645 at 654 (C. E. & A.) ; *Lembeck* v. *Lembeck*, 73 N. J. Eq. 427 at 433 [68 Atl. 337].

*Hardenburgh* v. *Blair*, *supra*, involved a trust of $250,000 to pay the "interest and income of such sum, at such times, in such manner, and in such amounts as his executors should deem most prudent, for and during his natural life." The court held that the discretion involved

was reasonable, saying, "They have a reasonable discretion over the subject  *  *  *."

The *Lembeck* case says, as to payment of dividends at the trustee's discretion, "With that discretion no one can interfere except it be exercised unfairly," and held that "discretion" meant as to times and manner of payment. Assuming that the equity court will not substitute its judgment for that of the trustee except in case of bad faith, as pointed out by the majority (though the principal case cited was one of complete discretion, subject to no guides in the trust), it is immaterial here, where we are examining the *reality* of a trust. Moreover, we note that the Court of Chancery of New Jersey in *Titsworth* v. *Titsworth*, 152 Atl. 869, after pointing out that the question was whether children under a trust could demand all of the income, and that it was "necessary to decide this question because of the Revenue Act of 1928 (45 Stat. 795), with respect to income received by fiduciaries," held: "*  *  *  the amount of income to be received by the beneficiaries is in the discretion of the trustees  *  *  *. The life tenants may, however, at any time apply to this court on the ground that the allowances to them are unreasonable and that the trustees have abused the discretion vested in them by the testator." Thus it is apparent that the petitioner's husband, in New Jersey, has free access to courts of equity to correct any abuse of discretion by the petitioner. Also, it is almost axiomatic that the terms of the trust indicate the degree of discretion, and that they may be resorted to by the equity courts. Here the terms show clearly that the discretion was tempered by "in accordance with our respective needs" and "according to the circumstances which you find to exist at the end of each year." In my opinion such absolute discretion as to approach the substance of ownership is noticeably lacking.

In *Blunt* v. *Kelly*, 131 Fed. (2d) 632, it is held that discretion in trustees as to payments to a trustor must be exercised in good faith, and subject to control of equity courts in case of failure so to do—and this, despite the fact that one of the three trustees had an adverse interest. The trust instrument gave the trustees power to use principal for the settlor as "may seem proper" and "should in their opinion the necessity arise." The case arose in New Jersey.

Recently we followed *Blunt* v. *Kelly*, *supra*, in *Estate of Ida Rosenwasser*, 5 T. C. 1043. We held that trust corpus was includible in the estate of the grantor, because of a trust provision that the trustee (with consent of two other beneficiaries adversely interested) might pay the grantor such trust corpus as the trustee "may deem proper or necessary in order to provide for my maintenance and comfort." We said that the trustee's discretion was, because of the language last above quoted, governed by an "external standard which a court may

apply in compelling compliance." The situation is a clear parallel (though in an estate tax case) to that here involved, where the trustee's discretion was to be exercised as to the "respective needs" of the husband and the trustee-wife, and "according to the circumstances." It is to be noted that the other beneficiaries in the cited case, whose consent trustee must secure, had adverse interests as much as did the petitioner-trustee here. Yet that fact did not permit arbitrary use of discretion.

In this case I can have no doubt that, had petitioner's husband suffered financial reverses and needed some of the trust income, no court of equity would have denied him relief from arbitrary misuse of discretion in adjudging the "respective needs" and "according to the circumstances," as expressed in the trust instrument and the letters. Yet, if this be true, we have a negation of the idea upon which taxation of petitioner is based—disregard of her fiduciary position.

Under all of the language used in the trust instrument, and the letters [3] between petitioner and her husband, and under the facts, in my opinion, there was such right in the husband as cobeneficiary as to require recognition of the position of the petitioner as trustee, and it may not soundly be said that her discretion so enabled her to take all of the trust income that all should be taxed to her, regardless of whether she actually received it. Petitioner's discretion was as to annual payment of income "in accordance with our respective needs, of which she shall be sole judge" in the words of the trust instrument. On the same day she and her husband exchanged letters to clarify the matters. Therein we find the grantor stating that his objective was to provide income "which you may dispose of according to the circumstances which you find to exist *at the end of each year*." (Italics supplied.) Her letter also states that "at the end of the year I am to decide." Thus it clearly appears that she was required to await the end of the year, and then act according to the circumstances existing *at that time*, as to whether to distribute income or accumulate and add it to principal. Not only does this not permit the wife to deal with the income as she pleases at all times throughout the year, as an owner would, and as in the principal cases relied on by the majority, but the circumstances found to exist at its close must be considered. "Annually" qualifies both payment and accumulation, and circumstances at the end of each year are a definite factor. The grantor then goes on to state that, since such circumstances can not be foretold with certainty, he wishes her to be in a position to exercise her own judgment as to how circumstances shall be met, and he points out her "legal right and duty" to exercise her discretion without being "subject to my control." This is in

---

[3] The trust instrument and letters, executed all on the same day and referring to the same subject, constitute one contract. *Sommer v. Nakdimen,* 97 Fed. (2d) 715; 17 C. J. S. 408.

addition to the fact that he speaks of the trust and of her being trustee. In her letter she also recognizes the trust, and her position as trustee, and her understanding that at the end of each year she is to decide upon payment of income received by her as trustee. She recognizes this "duty" and that she is not subject to his control. To me this language, both in trust instrument and contemporaneous letters, comprises, not an attempted release of the trustee-wife from all fiduciary duty, but an attempt to state that the wife is not subject to the grantor's control, and is to have a real discretion. The intent appears to have been to leave no taxable interest in the grantor. Certainly, she is clearly reminded of her legal right and duty, and of her fiduciary position. She is not, in my opinion, in any position to disregard "our respective needs" and the "circumstances which you find to exist at the end of each year."

In *Phipps* v. *Commissioner*, 137 Fed. (2d) 141, the trust agreement gave "uncontrolled discretion" and "absolute discretion," as to payments to trustor's wife. The court regarded the corporation-trustee as not independent, and regarded the taxpayer (instead of the corporation) and his wife as the trustees. Nevertheless, the court held that the wife's cotrustee would be "obliged to exercise a genuine discretion," and that a disregard thereof would entail interference by the courts "to compel the cotrustee to exercise a genuine discretion." The husband, as such cotrustee, was therefore held not taxable on the trust income. So here the wife, trustee for the husband, is not taxable under the *Phipps* case, even though her discretion was uncontrolled and absolute, which it is not. I am unable, in the light of the above, to conclude that here the wife's right to be sole judge of the respective needs of the parties should cause disregard of her fiduciary duty and taxation of the entire income to her. The fact, as above seen, that the husband was distributed about $25,000 of the trust income, as against about $10,000 to her, indicates plainly, I think, that the object of the trust was that he should share in the income, and that the intent was never that she have such absolute control that no "genuine discretion" was involved so that she should be taxed on income plainly coming within section 161 (a) (4) and (b) of the Internal Revenue Code.

Finally, the majority opinion points out that the petitioner had power, upon her death or resignation, to designate by will or other writing, a successor-trustee with the same power as she had, and that there was no restriction on the identity of such successor. But this surely removes any doubt whatever as to whether petitioner's powers were as trustee. (The majority opinion expresses such doubt, stating that it is difficult to state categorically that she held the powers as trustee or as beneficiary. How can there be such doubt when she is

not grantor and the trust instrument and letters, her only source of power, specifically provide that she is to hold "in trust," and constantly refer to her as "trustee" and never as an individual?)   The successor is to be *trustee* and to have the same powers.   Is it reasonably conceivable that the grantor-husband intended a stranger to have rights *as an individual*, and with the absolute power, and taxable status, which the majority opinion gives to the wife?   And in reason did he intend to subject himself to a stranger's discretion so absolute as to preclude appeal to equity and consideration of his "respective needs" and "circumstances found to exist at the end of each year?"   I can not so believe.   By viewing the case as if some stranger were successor-trustee, we see even more clearly that her status is fiduciary only, for this provision makes the case as if some one other than the wife were the trustee, and petitioner here.   It is to be remembered just here that this trust terminates, not with the wife's death, but only upon that of the grantor.   On the majority view, after her death, the successor-trustee could take all income, and be taxable thereon, regardless of the husband's circumstances.   Nothing less is possible, for the successor will stand precisely where the trustee-wife had stood.   I consider this clause as clearest proof that petitioner's power was exerciseable only as trustee, with all that entails, and that she, being required to exercise discretion as to distribution or accumulation of income, properly, as required by section 161 (a) (4) and (b), a special statute, paid the tax on the income, and that we may not apply the generality of section 22 (a).   To say, directly contrary to the specific language of section 161 (a) (4) and (b), that a fiduciary with discretion either to distribute or to accumulate income is to be taxed individually thereon is, in my view, clear judicial legislation.   I prefer to let Congress make any changes considered advisable.   So far, though making the above noted exceptions, they have not made the one now created by the majority.

In none of the cases relied on by the majority opinion do I find a situation analogous to the one here presented, where the petitioner is not only a trustee-beneficiary, but had a duty of considering, annually according to circumstances, at a set time, the "respective needs" of her husband as well as her own.   Thus in *Blanche N. Hallowell*, 5 T. C. 1239, cited by the majority, the wife was not trustee, and had an absolute right to the trust income during her life upon her request, and a power of appointment over the income, by will, and to receive corpus sufficient for her comfortable support and maintenance.   *Busch* v. *Commissioner*, 148 Fed. (2d) 798, also relied on by the majority, involved one not a trustee, and who had power to receive the income on demand, also on demand to receive such principal as deemed expedient by the trustee, and power of testamentary appointment over any re-

mainder left in the trust at his death. The opinion is plainly placed on all of these powers. *Alfred Cowles*, 6 T. C. 14, also involved a petitioner-cotrustee, with right on demand to all income for life, power of appointment over remainder, and right to have income applied on premiums on insurance on his life. He was held taxable on such premiums. Obviously the petitioner there had a *right* to the income, not a mere possibility under exercise of fiduciary discretion. In *Frank* v. *Commissioner*, 145 Fed. (2d) 413, the effect is the same, for the petitioner, though a cotrustee with others, had an absolute right to the income involved. Decision therein is primarily based on *Harrison* v. *Schaffner*, 312 U. S. 579, and *Helvering* v. *Horst*, 311 U. S. 112. Such cases neither control nor help to a solution in the situation here at hand. The majority opinion definitely goes much further than any case so far in extending taxation to one not the grantor of a trust. It was to just such cases as this, in my view, that the court, in *Kohnstamm* v. *Pedrick*, 153 Fed. (2d) 506, referred when, commenting on extensions of *Helvering* v. *Clifford*, it said:

\* \* \* The test is impalpable enough at best; but if it is to be continually refined by successive distinctions, each trifling in itself, we shall end in a morass from which there will be no escape; and the spate of decisions already poured upon us will be the earnest of eventual utter confusion.

I respectfully dissent.

ARUNDELL, VAN FOSSAN, BLACK, LEECH, and TYSON, *JJ.*, agree with this dissent.