Minnie A. Strickland v. Commissioner.
Strickland v. Commissioner
Docket No. 12343.
United States Tax Court
1948 Tax Ct. Memo LEXIS 132; 7 T.C.M. (CCH) 529; T.C.M. (RIA) 48140; July 27, 1948
*132 Petitioner, the beneficiary of a testamentary trust created by her deceased husband, was empowered to take all or any part of the trust income and all or any part of the trust corpus for her own use. During the taxable years she took only a part of the trust income during each year. The balance of the trust income was reported by the fiduciary and the income tax thereon paid by the trust estate. Held, the beneficiary had such "unfettered command" and control over the trust income and trust corpus that she is taxable under section 22 (a), I.R.C., on all income of the trust estate. Edward Mallinckrodt, Jr., 2 T.C. 1128, affd., 146 Fed. (2d) 1, certiorari denied, 324 U.S. 371, followed. *133 Wilton Wallace, Esq., and H. H. Hunt, C.P.A., First National Bank Bldg., Atlanta, Ga., for the petitioner. Bernard D. Hathcock, Esq., for the respondent. ARNOLD Memorandum Opinion ARNOLD, Judge: This proceeding involves deficiencies as follows: Year
Deficiency
Income tax
1941
$ 1,926.22
Income and Victory tax
1943
8,907.90
Income tax
1944
11,649.20
The issue is whether the income of the Estate of A. J. Strickland is taxable to the petitioner in its entirety or only that portion thereof actually credited and paid to the petitioner in the respective years. [The Facts] The facts were stipulated and as stipulated are adopted as our findings of fact. The pertinent facts are hereinafter summarized. The petitioner is an individual residing at Valdosta, Georgia. Her income tax returns for the years involved were filed with the collector of internal revenue at Atlanta, Georgia. A. J. Strickland, petitioner's husband, provided by Item 3 and Item 4 of his will as follows: "ITEM 3. All the rest, residue and remainder of my estate, real and personal and wherever situated, I give, devise and bequeath to my Executor (my son) A. J. Strickland, *134 Jr., being hereinafter named as Executor, as Trustee, the legal title to same to vest in him as said Executor but nevertheless in trust for the length of time hereinafter named, and upon the following terms, conditions, uses and purposes, that is to say: "(a) To receive, hold, manage and control said property. "(b) To invest, reinvest and keep the same invested in such property, real or personal, as he may deem advisable. "(c) To collect the income therefrom. "(d) To have and exercise full powers to sell, exchange, lease or otherwise dispose of any portion of the Trust estate in manner and upon such terms as he may deem most beneficial to the Trust Estate. "He is empowered to sell or exchange for cash, or upon terms and to give good and sufficient deeds of conveyance or other papers to carry out the powers herein granted and may do any of these things without order of any court either at public or private sale, and no purchaser shall be obligated to look to the application of the purchase money. "(c) It is my desire and direction that my said son, as Executor shall have the authority during the existence of the trust herein created, to manage my said estate with power and *135 freedom as full as possessed by me during my lifetime. "ITEM 4. After paying the expenses incident to the care, operation and maintenance of this Trust estate, I direct that my said Executor pay to my wife, Minnie Adams Strickland, as much of the net income that may be derived from said Trust estate during the existence of the Trust herein created, as she may in her discretion wish paid to her, said income to be paid monthly as far as it is practicable to pay same monthly. If my wife desires to draw for her own use from said estate more than the net income, I direct my said Executor to pay to her whatever amount she may desire to draw at such time as she may desire same, and for that purpose I hereby authorize my said Executor to encroach upon the corpus of the estate if necessary, and no person shall have the right to question payments made to my wife by my said Executor. "On the first of January of each year if it is found that after paying my wife the money requested by her during the year for her own use there remains any portion of said net income unexpended, my Executor in his discretion is authorized to divide said remaining portion of the net income in two equal shares, *136 one share to be paid to himself and the other share to my daughter, Natalie Strickland, or to their issue respectively, if either be dead." The trust was to continue until the death of the wife and if she died prior to 15 years from the date of the execution of the will, the trust was to continue for a period of 15 years from the date of the will, namely, February 29, 1936. The fiduciary had the same powers and duties after the death of the wife except that trust net income could, in the discretion of the fiduciary after consultation with testator's daughter, be reinvested for the benefit of the estate, or if desired by fiduciary and his sister, the net income could be paid annually on January 1 of each year, equally to the son and daughter, the share of any deceased child to be paid to the issue thereof, share and share alike, per stirpes. Upon termination of the trust the corpus was to be divided equally between the son and daughter, the issue of any deceased child to take share and share alike, per stirpes. If either child died without issue prior to termination of the trust the survivor or his or her issue was to take. The net income of the trust estate for the years 1941, *137 1942, 1943 and 1944, the amounts requested and paid or credited to petitioner and reported by her as taxable income and tax paid thereon for the aforesaid years, and the balance of said net income which was reported by the estate as taxable income and the tax paid thereon, were as follows: Taxable
Paid or
income
Estate net
credited
reported by
Year
income
to petitioner
the estate
1941
$17,296.01
$ 9,216.77
$ 8,079.24
1942
24,002.54
12,896.72
11,105.82
1943
28,179.89
14,232.86
13,947.03
1944
35,936.16
16,539.86
19,396.30
The account of the petitioner on the books of the trust estate for the aforesaid years reflect the total credits, withdrawals and accumulated credit balance as of December 31 each year as follows: Accumulated
credit bal-
With-
ance on trust
Credited to
drawn by
books as of
Year
petitioner
petitioner
December 31
1941
$ 9,216.77
$ 9,216.77
1942
12,896.72
11,896.72
$ 1,000.00
1943
14,232.86
8,232.86
7,000.00
1944
16,539.86
13,077.94
10,461.92
On or about January 8, 1947 the fiduciary filed a petition in Lowndes Superior Court against his mother *138 and sister, seeking a declaratory judgment as to the rights of the parties with respect to the remainder of the trust net income, which the fiduciary had treated as income of the estate and added to corpus. The court was asked to decide and determine whether the remainder of the trust income was petitioner's as determined by the officials of the Federal government, or becomes trust corpus when not divided between decedent's son and daughter. The other parties waived process, admitted the facts alleged, and agreed to the issuance of a declaratory judgment by the court. On January 29, 1947, the Superior Court decided that the fiduciary had broad authority to manage the trust estate with no substantial limitation on his authority other than the direction in Item 4 of the will that he pay annually to the widow "as much of the net income of the estate as she may request for her support and her own use." The court thought the testator did not intend that any of the trust income should become the property of the widow unless she needed it and requested it for her own use, and it held that the net income of the estate remaining after payment to petitioner of the amounts annually requested *139 "is not her property, not subject to her disposition or control, and, therefore, not taxable as a part of her income." The court further held that the remaining trust income when not divided on January 1 of each year became a part of the trust corpus, and is taxable as income of the trust estate as elected by the fiduciary. [Opinion] In determining the deficiency for each taxable year respondent taxed the entire net income of the trust estate to the petitioner upon the theory that she could have withwrawn the entire amount thereof. He relies upon our decision in Edward Mallinckrodt, Jr., 2 T.C. 1128, affirmed (CCA-8), Mallinckrodt v. Nunan, 146 Fed. (2d) 1, certiorari denied, 324 U.S. 871; Edgar R. Stix, 4 T.C. 1140, affirmed (CCA-2), 152 Fed. (2d) 562; Elsie C. Emery, 5 T.C. 1006, affirmed (CCA-1), 156 Fed. (2d) 728, certiorari denied, 329 U.S. 772; Alfred Cowles, 6 T.C. 14; Henry F. Haldeman, 6 T.C. 345; Ralph W. Conant, 7 T.C. 453; see also Busch v. Commissioner, (CCA-8), 148 Fed. (2d) 798, affirming 3 T.C. 547; *140 and Charles E. Bunting v. Commissioner, (CCA-6), 164 Fed. (2d) 443, affirming T.C. Memorandum Opinion. The parties are agreed that that portion of the entire net income of the trust estate that was credited and paid to petitioner is taxable to her. They have stipulated that petitioner reported such amounts in her income tax returns for the respective years and paid the tax thereon. The dispute between them relates only to that portion of the trust net income which was not paid or credited to the beneficiary, which was considered income of the trust by the fiduciary, and which was reported as trust income and the income tax thereon paid by the fiduciary. The Mallinckrodt decision is the leading case on the taxation of trust income to the trust beneficiary under section 22 (a), Internal Revenue Code. In the Circuit Court's opinion in the Mallinckrodt case the court stated that the power of the taxpayer to receive the trust income each year, upon request, could be regarded as the equivalent of ownership of the income for purposes of taxation. The Circuit Court stated that the Supreme Court, in Harrison v. Schaffner, 312 U.S. 579, 580, *141 approved the principle that the power to dispose of income is the equivalent of ownership of it and that the exercise of the power to procure payment to another, whether to pay a debt or to make a gift, is within the reach of the statute taxing income derived from any source whatever. The Circuit Court agreed with the Tax Court that "* * * it is the possession of power over the disposition of trust income which is of significance in determining whether, under section 22 (a), the income is taxable to the possessor of such power, and that logically it makes no difference whether the possessor is a grantor who retained the power or a beneficiary who acquired it from another." And finally, the Circuit Court said, "Since the trust income in suit was available to petitioner upon request in each of the years involved, he had in each of those years the 'realizable' economic gain necessary to make the income taxable to him." The petitioner in this case did not have all of the powers possessed by Mallinckrodt, Jr., but she did, in our opinion, have dominion and control over trust income and trust corpus sufficient to bring her within the principle of the Mallinckrodt and related cases. She *142 was entitled to receive as much of the net income of the trust as she wished to have paid to her, such payments to be made to her monthly as far as it was practicable, and the fiduciary was directed by the testator to pay the trust income to the wife that she wished paid to her. Furthermore, the testator directed the fiduciary to encroach upon the corpus of the estate if necessary to pay his wife "whatever amount she may desire to draw at such time as she may desire same," and in connection therewith the testator provided that no person should have the right to question the payments made to his wife. In view of the cited cases and the power and control given the benficiary over the trust income and the trust corpus, it is our opinion that section 22 (a) applies and the entire net income of the trust estate is taxable to her. Petitioner had the power to take all of the income and all of the corpus if she so desired. Such "unfettered command" over income and corpus of the trust subjects her to tax on the trust income whether she sees fit to enjoy it or not. Petitioner's contention that our decision is controlled by the declaratory judgment of the Lowndes Superior Court is not well *143 founded. We are not bound by the decision of that court in determining petitioner's income tax liability under a Federal revenue statute. As the Supreme Court said in Blair v. Commissioner, 300 U.S. 5, "That is a federal question." See also Francis Doll, 2 T.C. 276, affirmed (CCA-8), 149 Fed. (2d) 239, certiorari denied, 326 U.S. 725; Freuler v. Helvering, 291 U.S. 35; and Harrison v. Schaffner, supra.
Decision will be entered for the respondent.