ANNIE INMAN GRANT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12522. Promulgated August 17, 1948.

*A. W. Clapp, Esq.*, and *Alex P. Gaines, Esq.*, for the petitioner.
*Homer F. Benson, Esq.*, for the respondent.

ARNOLD, *Judge*: This case involves deficiencies in income and victory taxes for the calendar year 1943, and income tax for the years 1944 and 1945, in the respective amounts of $4,999.94, $6,369.66, and $1,468.59. The issue is whether petitioner is taxable on the income of a testamentary trust created by her deceased husband.

The facts are stipulated and the stipulated facts are adopted as our findings of fact.

Petitioner is the widow of John W. Grant, deceased.

John W. Grant died March 8, 1938. Letters testamentary were issued by the Court of Ordinary of Fulton County, Georgia, qualifying petitioner and John W. Grant, Jr., as executors of the decedent's will. The letters testamentary were issued on May 2, 1938.

By the terms of his will, which is incorporated herein by reference, John W. Grant created a trust of his residuary estate for the use and benefit of his wife "for and during her natural life and after her death in trust for the purposes hereinafter stated until all my children * * * [naming them] * * * and my grandson * * * are dead whereupon the trust shall end." Decedent provided that the trust estate should "be subject to the following charges, conditions and limitations: At the end of each calendar year my trustees shall pay to my wife all or any part of the net income of said trust estate that my wife may elect and any portion of said net income not drawn by my wife shall be added to the corpus of the trust estate. * * * "

Petitioner and decedent's son, John W. Grant, Jr., were named trustees of the testamentary trust and given the following powers:

* * * They shall have power to bargain, sell, exchange or otherwise dispose of any property of said trust estate at public sale or by private contract at such times and in such manner and upon such terms as they may see fit and shall not be required to obtain the order of any court or chancellor for that purpose. They shall have power to invest any money belonging to said trust estate in any property, real or personal that they may see fit, without the order of any court or chancellor and they shall not be limited to the legal investments required by the Code of Georgia. Said trustees shall not be liable for interest on money in their hands except such as they may actually earn thereon.

Petitioner and John W. Grant, Jr., administered the estate of John W. Grant. On July 31, 1943, they completed the administration of the estate and transferred and delivered all assets of the residuary estate of John W. Grant, deceased, to themselves as trustees, as directed in item 15 of the will.

Subsequent to July 31, 1943, and during the remaining months of the calendar year 1943, the income from the trust amounted to $6,583.30.

Petitioner never elected to take any part of the trust income and

never in fact drew any part of the trust income, either during the calendar year 1943 or thereafter.

During 1944 the income from the trust amounted to $8,462.23. Petitioner never elected to take any part of the trust income and did not draw any part thereof, either during 1944 or thereafter.

On June 20, 1945, petitioner executed a renunciation and release, which stated, in part, as follows:

> WHEREAS, first party desires to renounce the said conditional bequest and to release said power of appointment,
>
> Now, THEREFORE, said Annie Inman Grant has renounced and by these presents does renounce the conditional bequest of any income from the said trust and has released and does by these presents release the said power of appointment completely and without reservation.

The renunciation and release was forthwith delivered to the trustees and was filed for record in the office of the clerk of the Superior Court of Fulton County, Georgia, on June 28, 1945, and recorded in volume 2010, page 194, of the records of the Superior Court of Fulton County.

During the period in 1945 prior to the filing of the renunciation and release the income from the trust amounted to $2,084.16. Petitioner never elected to take any part of this income and did not draw any part thereof during 1945 or thereafter.

At the close of each of the years 1943, 1944, and 1945 the income of the trust was added to the corpus of the trust by the trustees.

The question we are asked to decide is whether the income of the testamentary trust created by John W. Grant is income of the beneficiary under section 22 (a) of the Internal Revenue Code, or is trust income under section 161 of the code. The pertinent provisions of the two sections are set forth in the margin.[1] We need not consider section 162 (b), as petitioner denies that this section applies, and respondent does not seek to invoke it.

---

[1] SEC. 22. GROSS INCOME.

(a) GENERAL DEFINITION.—"Gross income" includes gains, profits and income derived from salaries, wages, or compensation for personal service (including personal service as an officer or employee of a State, or any political subdivision thereof, or any agency or instrumentality of any one or more of the foregoing), of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

SEC. 161. IMPOSITION OF TAX.

(a) APPLICATION OF TAX.—The taxes imposed by this chapter upon individuals, shall apply to the income of estates or of any kind of property held in trust, including—

(1) Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income accumulated or held for future distribution under the terms of the will or trust;

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

* * * * * * *

(b) COMPUTATION AND PAYMENT.—The tax shall be computed upon the net income of the estate or trust, and shall be paid by the fiduciary * * *.

Respondent contends that the income of the trust, which is distributable to petitioner on request as sole life beneficiary, is taxable to her under section 22 (a), notwithstanding her failure to elect to receive the same. He contends that her unfettered right to elect and require distribution to herself of the trust income makes that income hers for income tax purposes. He relies primarily upon *Mallinckrodt* v. *Nunan* (CCA–8), 146 Fed. (2d) 1, affirming 2 T. C. 1128; certiorari denied, 325 U. S. 892, and the cases cited in the margin,[2] some of which are discussed by the Circuit Court in its *Mallinckrodt* opinion. The language in the *Mallinckrodt* case which respondent deems controlling is set forth in italics in the following quotation from the Circuit Court's opinion:

> We agree with the majority of the Tax Court that implications which fairly may be drawn from the opinions of the Supreme Court in *Corliss* v. *Bowers*, 281 U. S. 376, 378, * * * *Helvering* v. *Clifford*, 309 U. S. 331, * * * and other cases relative to the taxability of trust income to one having command over it, justify, if they do not compel, the conclusion that the undistributed net income of the trust in suit, during the years in question, was taxable to petitioner under section 22 (a). This, because *the power of petitioner to receive this trust income each year, upon request, can be regarded as the equivalent of ownership of the income for purposes of taxation.* In *Harrison* v. *Schaffner*, 312 U. S. 579, 580, * * * the Supreme Court approved "the principle that the power to dispose of income is the equivalent of ownership of it and that the exercise of the power to procure its payment to another, whether to pay a debt or to make a gift, is within the reach of the statute taxing income 'derived from any source whatever.'" It seems to us, as it did to the majority of the Tax Court, that *it is the possession of power over the disposition of trust income which is of significance in determining whether, under section 22 (a), the income is taxable to the possessor of such power, and that logically it makes no difference whether the possessor is a grantor, who retained the power or a beneficiary who acquired it from another.* See *Jergens* v. *Commissioner*, *supra*, at page 498 of 136 Fed. (2d). *Since the trust income in suit was available to petitioner upon request in each of the years involved, he had in each of those the years the "realizable" economic gain necessary to make the income taxable to him.* See *Helvering* v. *Stuart*, 317 U. S. 154, 168, 169 * * *; *Helvering* v. *Clifford*, *supra*, at pages 336, 337, of 309 U. S. * * *; *Helvering* v. *Gordon*, 8 Cir., 87 Fed. (2d) 663, 667.

We can see no escape for the taxpayer here from the controlling effect of the *Mallinckrodt* and related cases. The trust income was available to her each year upon request until she renounced her right thereto. She had the "realizable" economic gain necessary to make the income taxable to her. The trust provision "at the end of each calendar year" relates to the time when the trustees should pay the beneficiary the trust income, and not to the time of election as contended by petitioner. We find no prohibition in the will against an

² *Corliss* v. *Bowers*, 281 U. S. 376; *Helvering* v. *Clifford*, 309 U. S. 331; *Harrison* v. *Schaffner*, 312 U. S. 579; *Jergens* v. *Commissioner* (CCA–5), 136 Fed. (2d) 497, affirming B. T. A. memorandum opinion; certiorari denied, 320 U. S. 784; *Bunting* v. *Commissioner* (CCA–6), 164 Fed. (2d) 443, affirming T. C. memorandum opinion; certiorari denied, 333 U. S. 735; *Alfred Cowles*, 6 T. C. 14; *Camelia I. H. Cerf.*, 1 T. C. 1087; affd. (CCA–3), 141 Fed. (2d) 564.

election at any time within the taxable year. It is payment that the will requires the trustees to make at the end of each calendar year.

The decision of the Circuit Court of Appeals for the Third Circuit in *Hallowell* v. *Commissioner*, 160 Fed. (2d) 536 (reversing 5 T. C. 1239), upon which petitioner largely rests her case, is distinguishable from the *Mallinckrodt* case. The court distinguished the two cases by stating (p. 538) "that Mallinckrodt was entitled to receive the income within the taxable year of the trust." This case is distinguishable for the same reason, for petitioner, like Mallinckrodt, was entitled to receive the income within the taxable year of the trust.

We have carefully considered the numerous authorities cited by petitioner, but we can not agree with the conclusions drawn therefrom. In *Elsie C. Emery*, 5 T. C. 1006, we pointed out that the taxpayer-beneficiary in that case, "acting alone and without the concurrence of any one else, had the right to acquire either the corpus or income of the trust at any time." Our decision taxing the income to her was affirmed, 156 Fed. (2d) 728; certiorari denied, 329 U. S. 772. In *Eleanor M. Funk*, 7 T. C. 890, we held, after reviewing numerous authorities, that "the right to require *either* the income *or* corpus to be paid to himself has been held to be sufficient for the taxation of the beneficiary of a trust under section 22 (a). Whether the beneficiary exercises this right is, of course, not important." The reversal and remand of the *Funk* case by the Circuit Court of Appeals for the Third Circuit, 163 Fed. (2d) 796, was for a better record, but the correctness of our conclusions on the present question was specifically left open by the appellate court. Until the *Funk* case is reversed, it represents the prevailing opinion of this court, and no useful purpose would be served by again reviewing the authorities cited by petitioner. She did in fact have the right to elect to take the trust income. There was no prohibition in the will against her power of alienating a part or all of the trust income. If she so elected the will required the trustees to pay a part or all of trust income to her. Under the *Mallinckrodt* and *Funk* and related cases, this is sufficient to tax her upon the trust income under section 22 (a). In addition, as cotrustee with her son, she had dominion and control over the trust corpus under the powers granted the trustees by the decedent. In view of the above authorities, and the rights and powers vested in petitioner individually and as trustee, we agree with respondent that section 22 (a) applies.

Petitioner's second contention is that her renunciation and release, executed in June 1945, operated retroactively and took effect as of the date of the testator's death and the effective date of his will. One of the leading cases of this Court on the effect of a disclaimer by a beneficiary of trust income is *Estate of L. B. Stearns*, 39 B. T. A. 828. In

that case Stearns was made a beneficiary of a testamentary trust created by his wife, who provided in her will that her husband should have all the trust income in excess of $900 per month payable to three other beneficiaries. Shortly after his wife's death Stearns consulted officers of the First National Bank about her estate and about the trust income payable to him. He stated at that time that he did not intend to accept any of such income. As executor and trustee of his wife's estate, he did not pay any part of it to himself individually and in his individual capacity he received no part of the trust income. Two and a half years after his wife's death Stearns executed a disclaimer of past, present, and future rights, titles, and interests in the estate of his wife. The disclaimer was executed upon advice of an official of the bank because of Stearns' failing health and the prospective administration of the trust by the bank. The state court having jurisdiction held that the disclaimer was valid and divested Stearns of all interest in the trust income. The Commissioner included the amounts distributable to Stearns under the trust provisions in his taxable income under section 162, Revenue Act of 1934. We disapproved the Commissioner's determination, with five dissents, for the reason that Stearns' words and his conduct constituted an effective disclaimer during the taxable years.

The above summary of the facts in the *Stearns* case is sufficient to emphasize the distinction between the facts herein and the facts in that case. The first disclaimer made by this taxpayer was in the instrument executed on June 20, 1945. She made no oral or written disclaimers prior to June 20, 1945. During the taxable years she had the right to the trust income which constituted the realizable economic gain that subjects her to tax under section 22 (a). No question is presented as to the taxability of trust income to petitioner after the disclaimer. We can not agree that the disclaimer operated retroactively to make income theretofore available to her nontaxable. The income in question was available to her prior to the disclaimer, and, while that instrument may have terminated the trust in her favor and protected her rights as to other parties interested in the trust corpus and income (cf. *Commissioner* v. *Blair*, 300 U. S. 5; *Freuler* v. *Helvering*, 291 U. S. 35), we can not agree that it operated retroactively to relieve her of tax liability on income that was hers for the taking. See section 36 (c), Disclaimer by Beneficiary, Restatement of the Law, Trusts.

Since the other adjustments involved in determining the deficiencies were not contested by the petitioner,

*Decision will be entered for the respondent.*