ELEANOR M. FUNK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5243, 5244. Promulgated February 14, 1950.

---

*J. S. Y. Ivins, Esq.*, for the petitioner.

*M. B. Leming, Esq., John W. Smith, Esq.*, and *John T. Rogers, Esq.*, for the respondent.

204

OPINION.

HARRON, *Judge*: This proceeding has been considered by this Court previously. See *Eleanor M. Funk*, 7 T. C. 890. It was submitted originally under a stipulation of facts, to which certain exhibits were. attached. The findings of fact, the opinion, and the conclusions of this Court in this proceeding in the original report which are found in

7 T. C. at page 890, were based solely upon the record which was submitted to this Court in this proceeding [2] and were not based upon the record in the case of the petitioner's husband, Wilfred J. Funk, which had been decided previously.

In *Funk* v. *Commissioner, supra,* the Circuit Court made the following statement at page 803 of 163 Fed. (2d):

> We do not hold here that the conclusions of the Tax Court would not be sustained on a proper record or upon adequate findings of fact.

> \*     \*     \*     \*     \*     \*     \*

> For the reasons stated the decision of the Tax Court will be reversed and the case remanded with directions for further proceedings not inconsistent with this opinion.

Upon remandment of this proceeding, it was placed upon a calendar of this Court for trial in order that a "proper record" would be before this Court, from which it could make "adequate findings of fact." Just before the date which was set for trial, counsel for both parties filed with this Court a stipulation in which it was stipulated, in part, that:

> \* \* \* The complete record in the case of *Wilfred J. Funk* v. *Commissioner,* Board of Tax Appeals (now the Tax Court of the United States) Docket No. 111193, hereinafter called the *Wilfred J. Funk* case (including, among other things, the pleadings, testimony of witnesses, exhibits, transcripts, minutes, and Memorandum Findings of Fact and Opinion of this Court which was entered on February 7, 1944), certified under seal of the Court, may be offered and received in evidence in this proceeding for all purposes without objection by either party, subject only to the right of either party to object to the receipt in evidence in this proceeding of the whole or any part of said record solely on the ground of relevancy or materiality \* \* \*. It is further understood and agreed that petitioner thereafter by brief may note her objections, if any, solely on the ground of relevancy or materiality, to the receipt in evidence of the whole or any part of the record in the *Wilfred J. Funk* case and her exceptions, if any, to the correctness of the findings of fact contained in this Court's Memorandum Findings of Fact and Opinion entered on February 7, 1944 in the *Wilfred J. Funk* case. \* \* \*

The entire record in the *Wilfred J. Funk* case was offered in evidence in this proceeding by the respondent and was admitted in evi-

---

[2] Upon appeal from the decision of this Court to the Circuit Court of Appeals for the Third Circuit, argument was made by counsel that this Court, through one of its judges, had, by way of judicial notice, considered the record in a prior proceeding, that of the husband of the petitioner, Wilfred J. Funk, involving the same trusts and three of the same taxable years. That argument, based upon erroneous assumptions, gave rise to an issue in the appeal of this proceeding relating to judicial notice. The learned opinion of the Circuit Court on that issue gives complete reply to the arguments which counsel on appeal undertook to make.

This Court did not, through any of its judges, take judicial notice of the record in the proceeding of *Wilfred J. Funk,* Docket No. 111,193, decided under an unprinted memorandum findings of fact and opinion which was entered on February 7, 1944, in its considerations of this proceeding, reported at 7 T. C. 890. We stated clearly at p. 898 of 7 T. C. "in the record in this case"; and "on the record."

dence, subject to the making of objections on brief by counsel for either party solely on the ground of relevancy and materiality. Respondent made no objections, but contended "that nothing less than the entire record in the *Wilfred J. Funk* case meets without equivocation the mandate of the Circuit Court of Appeals." The petitioner, having reserved the right so to do, made several objections on brief to the receipt in evidence in this proceeding of certain portions of the record in the *Wilfred J. Funk* case on the ground that such portions of the record are irrelevant or immaterial. Careful consideration has been given to all of the objections of the petitioner, but they are now overruled.

The record in this proceeding now comprises the stipulation of facts, with certain exhibits attached, which was originally submitted in this proceeding, and the entire record and the memorandum findings of fact and opinion in the proceeding of *Wilfred J. Funk*, Docket No. 111193. From the entire record, excepting the memorandum findings of fact and opinion, we have made findings of fact in this proceeding as set forth in the findings of fact, *supra*. We have not considered the findings of fact which were made in the *Wilfred J. Funk* case, nor the opinion therein, which are set forth in the aforesaid memorandum findings of fact and opinion because different questions than are at issue in this proceeding were before the Board of Tax Appeals in the *Wilfred J. Funk* case.

In considering the record, as now constituted, in this proceeding, we have observed much that is irrelevant and immaterial to the issues presented and have given such parts of the record no weight. On the other hand, we have found in our findings of fact all of the facts which we deem to be relevant and material to the issue which we must decide.

The question to be decided is whether the income of four trusts, known as trusts A, B, C, and D, for the years 1938, 1939, 1940, and 1941 is taxable to the petitioner, as the respondent has determined, or to the trusts, as the petitioner contends.

The respondent contends that the income of the trusts is taxable to the petitioner under section 22 (a) of the Internal Revenue Code and the Revenue Act of 1938 because she had unfettered command of the income and was free to elect to have it distributed to herself. He relies primarily upon *Mallinckrodt* v. *Nunan*, 146 Fed. (2d) 1, affirming 2 T. C. 1128; certiorari denied, 325 U. S. 892; *Corliss* v. *Bowers*, 281 U. S. 376; *Jergens* v. *Commissioner*, 136 Fed. (2d) 497; certiorari denied, 320 U. S. 784; *Edgar R. Stix*, 4 T. C. 1140; affd., 152 Fed. (2d) 562; and *Annie Inman Grant*, 11 T. C. 178; affd., 174 Fed. (2d) 891.

The reasoning of the Circuit Court in the *Mallinckrodt* case, which

the respondent deems to be controlling of the question, is quoted in the margin.[3]

The question, in our opinion, turns upon the provision contained in each trust instrument which relates to the power of the trustee over trust income, which is quoted in full in the margin.[4]  We fail to find any ambiguity in the terms of the clause which sets forth the powers of the trustee over the income of the trusts.  Whatever the motives of the grantor of these trusts may have been, the unambiguous and specific language of article first of each trust must control.  *Bunting* v. *Commissioner*, 164 Fed. (2d) 443.

The narrow question is whether or not the power given to the trustee, Eleanor M. Funk, the petitioner in this proceeding, gave her control over the trusts' income, so little fettered as to be regarded as less than complete command over the income, to enjoy at her own election, for purposes of the Federal income tax.

The pertinent clause of the trust instruments gave the trustee discretion to pay to herself annually all or part of the annual net income of the trusts in accordance with her needs, "*of which she shall be the sole judge.*"  (Italics added.)  It was said in *Emery* v. *Commissioner*, 156 Fed. (2d) 728, 730, that "the fact that the petitioner did not exercise her powers in her own favor during the taxable years does not make the income any less taxable to her."  The same is said here.

---

[3] "We agree with the majority of the Tax Court that implications which fairly may be drawn from the opinions of the Supreme Court in *Corliss* v. *Bowers*, 281 U. S. 376, 378 * * *, *Helvering* v. *Clifford*, 309 U. S. 331 * * *, and other cases relative to the taxability of trust income to one having command over it, justify, if they do not compel, the conclusion that the undistributed net income of the trust in suit, during the years in question, was taxable to petitioner under § 22 (a).  This, because the power of petitioner to receive this trust income each year, upon request, can be regarded as the equivalent of ownership of the income for purposes of taxation.  In *Harrison* v. *Schaffner*, 312 U. S. 579, 580 * * *, the Supreme Court approved 'the principle that the power to dispose of income is the equivalent of ownership of it and that the exercise of the power to procure its payment to another, whether to pay a debt or to make a gift, is within the reach of the statute taxing income "derived from any source whatever." '  It seems to us, as it did to the majority of the Tax Court, that it is the possession of power over the disposition of trust income which is of significance in determining whether, under § 22 (a), the income is taxable to the possessor of such power, and that logically it makes no difference whether the possessor is a grantor who retained the power or a beneficiary who acquired it from another.  See *Jergens* v. *Commissioner, supra* (p. 498 of 136 Fed. (2d) * * *).  Since the trust income in suit was available to petitioner upon request in each of the taxable years involved, he had in each of those years the 'realizable' economic gain necessary to make the income taxable to him.  See *Helvering* v. *Stuart*, 317 U. S. 154, 168, 169 * * *; *Helvering* v. *Clifford, supra*, at pp. 336, 337 of 309 U. S. * * *; *Helvering* v. *Gordon*, 8 Cir., 87 Fed. (2d) 663, 667."

(4)                                    FIRST

During my lifetime to hold, manage, sell, invest, and reinvest the same, to receive the income thereof and to pay therefrom all taxes, assessments, and other charges and expenses accruing thereon from year to year and properly chargeable thereto, and all expenses incident to the trust hereby created, and in her discretion to pay all or a part of the net income annually to me, or to herself, in accordance with our respective needs, of which she shall be the sole judge, and to accumulate and add to principal the balance of such income, if any.  Any income so accumulated and added to principal by the Trustee shall become a part of the corpus of the trust and may not thereafter be distributed by the Trustee.

The evidence in this proceeding is to the effect, and findings of fact have been made accordingly, that the petitioner had absolute control over the trusts' income; that she made distributions entirely by the exercise of her own discretion; that she took whatever she wanted each year, and gave some of the rest to her husband in certain years; that what she distributed to him was determined solely by herself without any consideration of whether or not he had any need for the income; that the petitioner's husband had no need for any of the distributions which she made to him in 1939, 1940, and 1941; and that the sums which she did distribute to him were "gifts." In short, the evidence shows that Eleanor M. Funk, trustee, followed to the letter the provisions in the trust instruments that she should distribute the trust income in her discretion, and that she should be the "sole judge" of how she would distribute the income.

There is no evidence in this proceeding regarding the "necessities" of the petitioner's husband, Wilfred J. Funk, as compared with the "necessities" of the petitioner, upon which any conclusion can be made as to "the minimum which a court would have compelled" her "to give" to her husband under the trusts. Lacking such evidence, the petitioner has failed to prove what amount of income of the trusts, if any, was not within her absolute control. *Stix* v. *Commissioner*, *supra*.

As was said by the Circuit Court of Appeals for the Second Circuit in the *Stix* case, at page 563 of 152 Fed. (2d) 562:

* * * Quite aside from whether a control, so little fettered, should ever be regarded as less than absolute, when taxes are in question, the taxpayers at bar failed to carry their burden of proof, for they did not show what part of the income they could have been compelled to pay to their sons; and how much, therefore, was not within their absolute control.

We must conclude that, upon the record of this proceeding, the pertinent clause in the trust instruments gave petitioner a command over the disposition of the annual income of the trusts which was too little fettered to be regarded as less than absolute for purposes of taxation. We conclude, further, that the petitioner can not escape taxation on the income of the trusts without showing what she could have been compelled, by a court, to give to her husband. *Stix* v. *Commissioner*, *supra*. See, also, *Corliss* v. *Bowers*, *supra*; *Helvering* v. *Stuart*, 317 U. S. 154; *Helvering* v. *Clifford*, 309 U. S. 331; *Harrison* v. *Schaffner*, 312 U. S. 579; *Mallinckrodt* v. *Nunan*, *supra*; *Jergens* v. *Commissioner*, *supra*; *Frank* v. *Commissioner*, 145 Fed. (2d) 413; *Busch* v. *Commissioner*, 148 Fed. (2d) 798; *Emery* v. *Commissioner*, *supra*; *Bunting* v. *Commissioner*, *supra*; *Grant* v. *Commissioner*, *supra*.

The respondent's determinations are sustained.

It follows from our holding above, that the petitioner understated her correct gross income for the years 1938 and 1939 by more than 25

per cent. Therefore, under section 275 (c) of the Internal Revenue Code, the assessment of the deficiencies for those years is not barred by the statute of limitations. *O'Bryan* v. *Commissioner*, 148 Fed. (2d) 456.

Reviewed by the Court.

*Decisions will be entered for the respondent.*

---

DISNEY, *J.*, dissenting: The majority adhere to the same conclusion reached when this case was here before, 7 T. C. 890, despite what was said by the Circuit Court of Appeals in reversing that opinion, 163 Fed. (2d) 796. The majority appear to consider that the sole reason for reversal was the element of conclusion that judicial notice had been taken of the record in a previous case. Though that factor was, of course, present and perhaps the more immediate cause of reversal, as I read the opinion of the Circuit Court it gives us light upon this interesting question, which is not reflected in the opinion of the majority here. I have expressed my views *in extenso* in dissenting, at 7 T. C. 890, and it would profit nothing to repeat here what was then said. I merely refer to that dissent as still expressing my views and, I think, the law on this subject.

In addition, however, it should be pointed out that in effect the present opinion of the majority is based, as shown in the syllabus, upon the idea that the petitioner failed to meet the burden of proof by not showing what part of trust income she could have been compelled to pay her husband and how much was not within her absolute control. In this the majority rely upon and quote from *Stix* v. *Commissioner*, 152 Fed. (2d) 562. What was there said is applicable, of course, if this case is in essence the same as that; but I do not think it is. As the Circuit Court said in reversing this matter: "To reach that result, the terms of the trusts must be reduced, at least, to the same nebulous character as those involved in *Stix* v. *Commissioner* * * *." In my view, not only were the trusts in the *Stix* case nebulous, but also, instead of offering parallel to the instant situation, they are the antithesis of the trust here involved; for in the *Stix* case the crucial and distinctive fact was that the petitioner was the "primary beneficiary" who in the absence of any action by anyone was entitled to the income, whereas here the petitioner was not a beneficiary, primary or otherwise, unless and until the trustee, by affirmative action and within discretion, distributed to herself, as between the three choices of distribution to her, distribution to her husband, or accumulation. In short, the *Stix* case presented a simple matter of a

beneficiary entitled to everything, whereas here we have a totally different question. Shall we refuse to discern any difference between the status of a fiduciary and that of a beneficiary; for unless we so do we can not here apply either the *Stix* case or any other case cited in the majority opinion. All have been carefully examined. The *Jergens, Grant, Emery, Busch, Bunting,* and *Frank* cases plainly involve mere beneficiaries. The *Stuart* case was only a matter of taxation of the grantor of the trust. None of these cases involved the present question: Whether we should follow the plain language of section 161 (a) (4) of the Internal Revenue Code providing expressly that income to be distributed or to be accumulated at the discretion of the trustee shall be taxed to the trust. Even the *Stix* case involved section 162 (b), and not section 161 (a) (4). The *Mallinckrodt* case was also, in substance, one involving a beneficiary, rather than a trustee, for the petitioner as individual beneficiary was to receive all but $10,000 of the income and after the death of his wife would receive all of it. His primary position as beneficiary, as against that of cotrustee, is emphasized by the first syllabus of the opinion, 146 Fed. (2d) 1, not only in that he is referred to as a beneficiary, but in that it is held that trust income to be distributed to him "only on request" was not, if undistributed, "income to be distributed currently" within section 162 (b). In short, as the court holds, the trustees could not distribute to the petitioner except upon his request. Certainly such request would come from him as an individual and only when in the words of the court "he elected to withdraw it by requesting that it be paid to him." In addition, it is to be noted that he had testamentary power over the trust corpus—power also held by the petitioner in the *Stix* case. This is indeed sharp contrast to the situation of the petitioner in the instant case, who could never receive corpus, power over which resided solely in her husband. Likewise, in the *Jergens, Stix, Busch, Emery,* and *Bunting* cases the petitioners had power to take or dispose of the corpus, and in the *Grant* case the petitioner was said to have "in equity qualified ownership of the corpus." Such persons, under the thought of such decisions as *Blair* v. *Commissioner*, 300 U. S. 5, and *Helvering* v. *Horst*, 311 U. S. 112, are easily seen to be subject to tax upon the income from the trust corpus, but to ascribe it to the petitioner here is altogether another matter. I have found no principle, either in logic or in precedent, which is basis for such conclusion.

The majority here, in substance, disregard the difference between trustee and beneficiary. In no case prior to this one has that been done. I merely refer to the discussion of this matter, including reference to *Carrier* v. *Carrier*, 226 N. Y. 114, in my dissent to the

former opinion. I can not believe that what the court said in the *Stix* case with reference to showing the part of income which trustees could have been compelled to pay to their sons, would have been said under the facts here before us. There is a clear distinction between the "power in trust for his sons to give them what in his discretion he might think proper," which power in the *Stix* case, it is held, "limited absolute control over the income only in those extreme instances when the 'primary beneficiary' might be guilty" of gross and callous disregard of his sons' necessities, and the fiduciary power of the petitioner here, where she was not possessed of "absolute control over the income" as individual beneficiary, but must from the beginning and in all things conduct herself as fiduciary. She had only the control of a trustee. The test, as to burden of proof, set in the *Stix* case is altogether inapplicable here. We are taking a long step farther than the *Clifford* case has so far been stretched, and from the original position of continuing to tax a grantor upon his income because he failed to insulate himself or free himself from practically unfettered command over it. The majority here, in my view, invade the field of fiduciary relations and say that though bound by the law of trusts the fiduciary may be taxed upon income, not previously hers. Indeed they apply this idea not only to income of which she received only $42,800 as against $100,000 to her husband, but to a year when she received nothing at all, and to income which was accumulated. In my view, there was no unfettered command by the petitioner over this income, but she was fettered by principles of equity and trusteeship not only ancient in origin, but current in expression. Though the original concept of the *Clifford* case has been broadened, a fiduciary relationship has not heretofore been ignored. The case of *Richardson* v. *Commissioner*, 121 Fed. (2d) 1, seems to me to be the farthest step away from *Clifford*—yet there, though a trustee was found taxable upon the trust income, it was in essence upon the same principle as announced in the *Clifford* case, that is, that he had unfettered command because he was authorized to terminate the trusts and thereupon receive the corpus free from all trusts. In short, it was as if there was no trust and he was a beneficiary. Petitioner here had no semblance of such power. She could never receive corpus, and could not receive even all of the income, for neither stock dividends nor liquidating distributions could come to her and the corpus was completely beyond the ambit of her power. Finding that no case involves or justifies the length to which we have here gone, and that equity and its principles fetters the petitioner, I would not hold her taxable upon the income here involved. I, therefore, dissent.

ARUNDELL, VAN FOSSAN, and LEECH, *JJ.*, agree with this dissent.